## Patricia MORRISON, Blanche Lowe, Rachel Dawkins, George Black, and all other similarly situated

v.

## John J. AYOOB, Hugo R. Iorfido, Ross M. Keefer, Lewis E. Kirchner, Joseph J. Liberati, Stephen Mihalic, Arthur L. Schlemmer, George L. Shaffer, Milton H. Richael, individually and as District Magistrates in the County of Beaver and their successors in office, Appellants.

### No. 83–5336.

United States Court of Appeals, Third Circuit.

Feb. 15, 1984.

## SUR PETITION FOR REHEARING IN BANC

Before SEITZ, Chief Judge, and ALDISERT, ADAMS, GIBBONS, HUNTER, WEIS, GARTH, HIGGINBOTHAM, SLOVITER and BECKER, Circuit Judges.

Judge GARTH would grant the petition for rehearing.

### Statement Sur Denial of Rehearing

ADAMS, Circuit Judge.

I vote for rehearing because of two primary concerns.

First, I am disturbed by the fact that a law firm will be awarded over $5,000.00 solely for preparing and advancing a fee petition covering legal services alleged to be worth approximately $17,000.00. The preparation of that petition had nothing to do with the merits of the plaintiffs' original claim or with the social policy of encouraging lawyers to counsel clients who would otherwise go unrepresented. Aside from the question whether, absent special circumstances, one group of lawyers should file a fee petition for lawyers who have actually litigated a controversy, I do not believe that we should sanction such a large award of fees when counsel hires more expensive counsel to advance a fee petition.

Second, and perhaps more important, I note that the Supreme Court has recently heard argument in a case involving the fundamental question presented by this appeal: whether judicial immunity bars the award of attorneys' fees under 42 U.S.C. § 1988 against members of the judiciary who have acted in their official capacity. *Pulliam v. Allen,* 51 U.S.L.W. 3770 (U.S.

Apr. 25, 1983) (No. 82–1432). If the present case were to come before a panel now, that the appropriate course would be to hold the matter under advisement until the Supreme Court had definitively decided the issue. I think it only fair to the defendants that we accord their case the same functional status, by holding it over for in banc consideration until *Pulliam* has been resolved.

Judges HUNTER, WEIS, and BECKER join in this statement.